JOHN M. SAMBERG (CA State Bar No. 115262)
jsamberg@wrslawyers.com
MARK B. MIZRAHI (CA State Bar No. 179384)
mmizrahi@wrslawyers.com
ELSA M. HOROWITZ (CA State Bar No. 195689)
ehorowitz@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 W. Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone: (310) 478-4100
Facsimile: (310) 479-1422

*Attorneys for Plaintiff Catimini USA, Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| CATIMINI USA, LTD.. a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LSH PLUS LLC, a California Limited Liability Company; RABEE IKKAWI, an individual; MAYSSAA C. EL CHUFARA IKKAWI, an individual; REYAD FEZZANI, an individual; JUAN KADAH, an individual; SHARIF EL-BADAWI, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**1. BREACH OF WRITTEN CONTRACT;**<br>**2. BREACH OF ORAL CONTRACT;**<br>**3. ACCOUNT STATED;**<br>**4. OPEN BOOK ACCOUNT;**<br>**5. MONEY HAD AND RECEIVED;**<br>**6. QUANTUM MERUIT (UNJUST ENRICHMENT);**<br>**7. CLAIM AND DELIVERY;**<br>**8. BREACH OF SECURITY AGREEMENT;**<br>**9. CONVERSION;**<br>**10. ENFORCEMENT OF PERSONAL GUARANTEES;**<br>**11. FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1)-(2));**<br>**12. FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (15 U.S.C. § 1125(a));**<br>**13. COMMON LAW UNFAIR COMPETITION;**<br>**14. CALIFORNIA STATUTORY UNFAIR COMPETITION; AND**<br>**15. CYBERPIRACY (15 U.S.C. § 1125(d))**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff CATIMINI USA, LTD. ("Plaintiff" or "CATIMINI") who alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121; 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 28 U.S.C. § 1367(a) (collectively "the Federal causes of action).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b). On information and belief, LSH is a Limited Liability Company subject to personal jurisdiction in this judicial district; and a substantial part of the events giving rise to the claims occurred in this judicial district. Plaintiff is informed and believes, and based thereon alleges, that LSH is subject to specific personal jurisdiction in California and in this judicial district, in part, because Defendant willfully infringed on Plaintiff's Catimini Trademark at various retail locations in this judicial district.

3. This Court has jurisdiction in this matter as to the non Federal causes of action pursuant to 28 U.S.C. § 1332, based upon the citizenship and residency of the parties and the amounts in dispute ("diversity jurisdiction"). To the extent it is determined that diversity jurisdiction is lacking, this Court has ancillary jurisdiction over the non-Federal causes of action as those causes of action are substantially related to the Federal causes of action, bear a logical relationship to the Federal causes of action, and are based upon an aggregate core of operative facts upon which the Federal causes of action are based.

**GENERAL ALLEGATIONS**

4. At all times herein mentioned Plaintiff is and was a New York corporation with its principal place of business in New York City, New York.

5. At all times herein mentioned, Plaintiff was and is engaged in the wholesale and retail business of marketing and selling a line of luxury children's clothing and related products ("the Clothing Products"), in North America and other world-wide markets under the brand name CATIMINI. Plaintiff markets and sells

retail on-line and from brick and mortar locations operated by third party commercial customers of Plaintiff who purchase the Clothing Products wholesale from Plaintiff for retail re-sale at either their multi brand retail locations or at specific retail locations authorized by Plaintiff to display the "Catimini" brand name in connection with such retail services, including, without limitation, store signage and store accessories.

6. At all times herein mentioned, Plaintiff was the owner, or the exclusive licensee with the right to enforce, the foreign and domestic intellectual property rights associated with the brand name "Catimini".

7. Plaintiff is also the exclusive licensee, with the right to enforce, of United States Federal Trademark Registration Nos. 1592109, 3244305, and 4707358, for various goods and services, including, various apparel, household goods, toys, and cosmetic/beauty goods. When used in context hereafter, the term "Catimini Trademark" refers to the afore-listed trademark registrations for "Catimini" together with the common law rights garnered in the Catimini mark through use in connection with the Clothing Goods and retail services therefor. Because of the longstanding and continuous use of the Catimini Trademark in connection with the goods described in United States Federal Trademark Registration Nos. 1592109 and 3244305, the registrant's rights therein and right to exclusive use of the trademark in connection with such goods throughout the United States has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

8. The Catimini Trademark is arbitrary and fanciful with respect to the goods and services with which it is used, and is thus inherently distinctive.

9. As a result of the distinctiveness of its mark, and of Plaintiff's long and extensive use and promotion of the aforementioned mark, this mark has become widely known throughout the United States and elsewhere. Further, The Catimini Trademark has obtained widespread recognition as a distinctive designation of the

source of origin and sponsorship of Plaintiff's goods and services.

10. The Catimini Trademark and name has valuable goodwill and consumer recognition associated with it and has come to symbolize the valuable goodwill and reputation of Plaintiff. As a result of the extensive use, promotion, and advertising in connection with The Catimini Trademark and the valuable goodwill associated therewith, The Catimini Trademark has achieved the status of a well-known and recognizable mark throughout the United States.

11. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant LSH PLUS LLC ("LSH") is and was a California limited liability company, licensed and headquartered in the State of California. LSH was engaged in the business of retail marketing and sales of Plaintiff's line of children's clothing, both on-line and from numerous brick and mortar retail stores in several States, including California and Nevada, , in connection with the Catimini Trademark. LSH has several retail locations within the Western, Eastern and Southern Divisions of this District Court.

12. At all times herein mentioned prior to termination of the Plaintiff-Defendants business relationship, LSH was a commercial customer of Plaintiff whose use of the Catimini Trademark was with the permission of Plaintiff as part of LSH's wholesale purchase and retail re-sale of the Clothing Products from LSH's on-line website(s), and from its retail stores, such that all goodwill garnered through Defendants' use of the Catimini Trademark inured to the benefit of Plaintiff.

13. The commercial business relationship among and between Plaintiff and LSH was pursuant to various written agreements and addenda which include among other provisions the granting of security interests and purchase money security interests in inventory and other collateral, as well as pursuant to oral agreements and their commercial course of dealing.

14. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant RABEE IKKAWI ("RABEE"), was an

individual and was a responsible managing officer, owner, director and/or member of LSH with high level decision making authority over LSH. Plaintiff is informed and believes, and based thereon alleges, that Defendant RABEE is in control of LSH and also induces and/or directs the acts of LSH complained of herein.

15. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant MAYSSAA C. EL CHUFARA IKKAWI ("MAYSSAA"), was an individual and was a responsible managing officer, director and/or member of LSH with high level decision making authority over LSH. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned RABEE and MAYSSAA were and are husband and wife.

16. In connection with, and in consideration for, Plaintiff entering into the commercial business relationship with LSH, Defendants RABEE and MAYSSAA executed written personal guarantees of the obligations of LSH to Plaintiff.

17. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant REYAD FEZZANI ("REYAD"), was an individual and was a responsible managing officer, owner, director and/or member of LSH with high level decision making authority over LSH.

18. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant JUAN KADAH ("JUAN"), was an individual and was a responsible managing officer, owner, director and/or member of LSH with high level decision making authority over LSH.

19. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, Defendant SHARIF EL-BADAWI ("SHARIF"), was an individual and was a responsible managing officer, owner, director and/or member of LSH with high level decision making authority over LSH.

20. Defendants DOES 1 through 20 are sued herein under said fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by

inserting their true names and capacities herein. The Doe Defendants are named in each cause of action so as to allow any such later designation as appropriate to any particular cause of action.

21. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

22. Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each Defendant was the agent, servant, authorized representative, responsible managing officer, alter ego and/or employee of each Co-Defendant, and that in doing the things and acts herein alleged, each Defendant was acting within the course and scope of that agency, servitude, representation, management, alter ego relationship and/or employment and further, that each Defendant has ratified and/or endorsed the acts of each remaining Co-Defendant.

23. Plaintiff is further informed and believes, and based thereon alleges, that at all times material hereto, LSH was under-capitalized, that its corporate formalities were not honored or observed, that its corporate status has not been maintained, and that some or all of the Defendants utilized the assets of LSH for their personal benefit so as to render LSH a mere shell and the alter-ego of these Defendants, so as to render those Defendants personally liable for the debts of LSH, including without limitation, LSH's debt to Plaintiff.

24. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants is responsible in some manner for the occurrences herein alleged, including without limitation tortious conduct by responsible managing officers, and that Plaintiff's damages as herein alleged were proximately caused by their conduct. Plaintiff reserves the right to add new or amend each cause of action to add claims against RABEE, MAYSSAA, REYAD, JUAN and SHARIF based upon responsible managing officer liability to conform to discovery and proof, up to and including

trial.

25. The acts, events, contracts and/or breaches of contract herein alleged occurred in the within jurisdiction, or sufficient grounds exist to vest this Court with subject matter, and personal jurisdiction over the parties and the disputes addressed herein.

26. This action is not subject to the provisions of California Civil Code, §1812.10 and/or §2984.4 and/or California Code of Civil Procedure, §395(b).

## FIRST CAUSE OF ACTION

**(Breach of Written Contract – Against Defendants LSH and Does 1 - 20)**

27. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 26 above.

28. In or about 2010 and thereafter, Plaintiff, directly and through its predecessor entity, entered into a series of written agreements and related addenda with Defendants LSH and Does 1 through 20 inclusive, and each of them, including, without limitation to other and further proof, agreements dated April 23, 2010, March 21, 2015, July 16, 2015, and documents related to commercial course of dealing, to sell the Clothing Products for retail sale at brick and mortar locations and on-line, and in connection therewith for the use of the Catimini Trademark and other intellectual property (collectively "the written contract"). Without limitation to other and further proof, a true and correct copy of the documents that collectively comprise the written contract are attached hereto as Exhibit "1", and are incorporated herein at this place by this reference as though set forth in full.

29. Pursuant to the written contract, said Defendants established retail locations in various cities at which they prominently displayed both on the exterior and the interior of these locations the Catimini Trademark and other intellectual property, and created and used websites, and engaged in other on-line activity, utilizing the Catimini Trademark and other intellectual property. At the request of said Defendants, Plaintiff also sold Clothing Products and related materials, goods

and services, to said Defendants for sale at their various retail locations and via the internet.

30. Plaintiff timely invoiced said Defendants for the referenced Clothing Products and related materials.

31. Without limitation to other and further breaches of contract and actionable wrongs on the part of Defendants as set forth elsewhere herein, although demand therefor has been made, said Defendants refused and continue to refuse to pay Plaintiff for said Clothing Products and related materials, and the principal sum of $2,084,452.50 is still due and owing for the referenced Clothing Products and related materials.

32. Without limitation to other and further proof, attached hereto as Exhibit "2", collectively, and incorporated herein at this place by this reference as though set forth in full, are true and correct copies of the commercial documents evidencing the above referenced debt.

33. Plaintiff has performed all other conditions, covenants, and promises under the written contract, on its part to be performed.

34. Based on the foregoing, the total debt presently owed to Plaintiff by said Defendants is $2,084,452.50. Defendants have failed to pay said sum within four (4) years of the date of the filing of this action, and said failure to pay constitutes a breach of the written contract. As a result of such breach of the written contract, Plaintiff has been damaged in the sum of $2,084,452.50 plus interest, costs, reasonable attorney's fees and additional damages according to proof at trial.

## SECOND CAUSE OF ACTION

**(Breach of Oral Contract - Against Defendants LSH and Does 1 – 20)**

35. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 34 above.

36. In or about 2010 and thereafter Plaintiff entered into a series of oral agreements with Defendants LSH and Does 1 through 20 inclusive, and each of

them, to sell the Clothing Products for retail sale at brick and mortar locations and on-line, and in connection therewith for the use of the Catimini Trademark and other intellectual property (collectively “the oral contract”). Without limitation to other and further proof, a true and correct copy of the documents that evidence the oral contract are attached hereto as Exhibit "1", and are incorporated herein at this place by this reference as though set forth in full.

37. Pursuant to the oral contract, said Defendants established retail locations in various cities at which they prominently displayed both on the exterior and the interior of these locations the Catimini Trademark and other intellectual property, and created and used websites, and engaged in other on-line activity, utilizing the Catimini Trademark and other intellectual property. At the request of said Defendants, Plaintiff also sold Clothing Products and related materials, goods and services, to said Defendants for sale at their various retail locations and via the internet.

38. Plaintiff timely invoiced said Defendants for the referenced Clothing Products and related materials.

39. Without limitation to other and further breaches of contract and actionable wrongs on the part of Defendants as set forth elsewhere herein, although demand therefor has been made, said Defendants refused and continue to refuse to pay Plaintiff for said Clothing Products and related materials, and the principal sum of $2,084,452.50 is still due and owing for the referenced Clothing Products and related materials.

40. Without limitation to other and further proof, attached hereto as Exhibit "2", collectively, and incorporated herein at this place by this reference as though set forth in full, are true and correct copies of the commercial documents evidencing the above referenced debt.

41. Plaintiff has performed all other conditions, covenants, and promises under the oral contract, on its part to be performed.

42. Based on the foregoing, the total debt presently owed to Plaintiff by said Defendants is $2,084,452.50. Defendants have failed to pay said sum within two (2) years of the date of the filing of this action, and said failure to pay constitutes a breach of the oral contract. As a result of such breach of the oral contract, Plaintiff has been damaged in the sum of $2,084,452.50 plus interest, costs, reasonable attorney's fees and additional damages according to proof at trial.

**THIRD CAUSE OF ACTION**

**(Account Stated – Against Defendants LSH and Does 1 - 20)**

43. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 42 above.

44. Within four (4) years prior to the commencement of this action an account was stated in writing by and between Plaintiff and Defendants LSH and Does 1 through 20 inclusive, and each of them, wherein it was agreed that said Defendants were indebted to Plaintiff in the sum of $2,084,452.50 plus interest.

45. Without limitation to other and further proof, attached hereto as Exhibit "2", and incorporated herein at this place by this reference as though set forth in full, are true and correct copies of the invoices evidencing this debt.

46. No part of the sum of $2,084,452.50 has been paid by said Defendants, although demand therefor has been made by Plaintiff, and there is now due, owing, and unpaid from said Defendants to Plaintiff the sum of $2,084,452.50 plus interest, costs, reasonable attorney's fees and additional damages according to proof at trial.

**FOURTH CAUSE OF ACTION**

**(Open Book Account – Against Defendants LSH and Does 1 - 20)**

47. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 46 above.

48. Within four (4) years prior to the commencement of this action Defendants LSH and Does 1 through 20 inclusive, and each of them, became indebted to Plaintiff on an open book account in the sum of $2,084,452.50 plus

interest.

49. Without limitation to other and further proof, attached hereto as Exhibit "2", and incorporated herein at this place by this reference as though set forth in full, are true and correct copies of the invoices evidencing this debt.

50. No part of said sum has been paid by said Defendants, although demand therefor has been made by Plaintiff, and there is now due, owing and unpaid from said Defendants to Plaintiff the sum of $2,084,452.50 plus interest, costs, reasonable attorney's fees and additional damages according to proof at trial.

**FIFTH CAUSE OF ACTION**

**(Money Had and Received – Against All Defendants)**

51. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 50 above.

52. Within four (4) years prior to the commencement of this action Defendants LSH, RABEE, MAYSSAA, REYAD, JUAN, SHARIF, and Does 1 through 20 inclusive, and each of them, became indebted to Plaintiff for money had and received by said Defendants for the use and benefit of Plaintiff, in the sum of $2,084,452.50 plus interest, as stated in Exhibit "2".

53. Although demand for payment of said sum has been made by Plaintiff, each and all of the Defendants, particularly LSH and those Defendants who are responsible managing officers, owners, directors and/or members of LSH with high level decision making authority over LSH, have and continue to refuse to remit payment to Plaintiff. There is now due, owing and unpaid from said Defendants to Plaintiff the sum of $2,084,452.50 plus interest, costs, reasonable attorney's fees and additional damages according to proof at trial.

/ / /

/ / /

/ / /

/ / /

**<u>SIXTH CAUSE OF ACTION</u>**

**(Quantum Meruit – Unjust Enrichment – Against Defendants LSH and Does 1 - 20)**

54. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 53 above.

55. As set forth above, Plaintiff has performed valuable services, provided valuable goods and incurred considerable expenses for the benefit, and at the request of Defendants LSH and Does 1 through 20 inclusive, and each of them, who received considerable value therefore, and who have benefited therefrom.

56. Without limitation to other and further proof, attached hereto as Exhibit "2", and incorporated herein at this place by this reference as though set forth in full, are true and correct copies of invoices and other documents which establish the reasonable value of these services, goods and expenses.

57. Notwithstanding demand for payment therefor, said Defendants have refused, and continue to refuse, to compensate Plaintiff for those services, goods and expenses. Based upon these facts and circumstances, and without limitation to other and further proof, it would be inequitable and unjust for said Defendants to have received the benefit and value of the referenced services, goods and expenses without compensating Plaintiff.

58. As a direct and proximate result of the acts of said Defendants and each of them as set forth above, Plaintiff has been damaged in the amount which represents the reasonable value of the subject services, goods and expenses, according to proof at the time of trial, but not less than $2,084,452.50, plus interest and other damages as is equitable and just.

**<u>SEVENTH CAUSE OF ACTION</u>**

**(Claim and Delivery – Against Defendants LSH and Does 1 - 20)**

59. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 58 above.

60. As set forth above Plaintiff has delivered to Defendants LSH and Does 1 through 20 inclusive and each of them Clothing Products for which said Defendants have not paid Plaintiff.

61. On or about March 11, 2017, Defendant LSH provided to Plaintiff written notice of termination of their commercial business relationship. Pursuant to the express terms of the written contract, said Defendants have thereby triggered Plaintiff's right to immediate possession of the Clothing Products.

62. Without limitation to other and further proof, attached hereto as Exhibit "2", and incorporated herein at this place by this reference as though set forth in full, are true and correct copies of the invoices evidencing with particularity the Clothing Products immediate possession of which Plaintiff is entitled, and the value of the Clothing Products in the sum of $2,084,452.50.

63. Without limitation to other and further proof, attached hereto as Exhibit "3", and incorporated herein at this place by this reference as though set forth in full, is a true and correct copy of Plaintiff's demand to said Defendants that they immediately turn over possession of the Clothing Products to Plaintiff.

64. Notwithstanding demand therefor, said Defendants have refused, and continue to refuse, to return the Clothing Products to Plaintiff.

65. As a result of the wrongful acts of said Defendants as set forth above, Plaintiff has been deprived of possession of the Clothing Products, and without limitation to other and further proof, has been damaged in the sum of $2,084,452.50 plus interest, costs, reasonable attorney's fees and additional damages according to proof at trial.

## EIGHTH CAUSE OF ACTION

**(Breach of Security Agreement – Against Defendants LSH and Does 1 - 20)**

66. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 65 above.

67. In conjunction and as part of the written contract in July, 2015,

Defendants LSH and Does 1 through 20 inclusive and each of them granted to Plaintiff a security interest and a purchase money security interest ("the Security Agreement") in, among other collateral, the inventory of said Defendants ("the security interest"). The inventory in which Plaintiff holds a security interest includes the Clothing Products delivered to said Defendants by Plaintiff.

68. In addition to failing to timely pay for the Clothing Products which had been delivered to said Defendants (the failure to pay being a breach, among other things, of the written contract and the security agreement), on or about March 11, 2017, Defendant LSH provided to Plaintiff written notice of termination of their commercial business relationship. Pursuant to the Security Agreement and the provisions for recovery of collateral set forth in the applicable provisions of the Uniform Commercial Code, said Defendants have thereby triggered Plaintiff's right to immediate repossession of the Clothing Products.

69. Without limitation to other and further proof, attached hereto as Exhibit "2", and incorporated herein at this place by this reference as though set forth in full, are true and correct copies of the invoices evidencing with particularity the Clothing Products immediate repossession of which Plaintiff is entitled, and the value of the Clothing Products in the sum of $2,084,452.50.

70. Without limitation to other and further proof, attached hereto as Exhibit "3", and incorporated herein at this place by this reference as though set forth in full, is a true and correct copy of Plaintiff's demand to said Defendants that they immediately turn over possession of the Clothing Products to Plaintiff.

71. Notwithstanding demand therefor, said Defendants have refused, and continue to refuse, to turn over the Clothing Products to Plaintiff thereby entitling to immediate repossession of said inventory by Court process.

72. As a result of the wrongful acts of said Defendants as set forth above, Plaintiff is entitled to the immediate repossession of the Clothing Products, and without limitation to other and further proof, has been damaged in the sum of

$2,084,452.50 plus interest, costs, reasonable attorney's fees and additional damages according to proof at trial.

**NINTH CAUSE OF ACTION**

**(Conversion – Against All Defendants)**

73. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 72 above.

74. As set forth above Plaintiff has delivered to LSH, and Does 1 through 20 inclusive and each of them, Clothing Products for which Plaintiff has not been paid.

75. On or about March 11, 2017, Defendant LSH provided to Plaintiff written notice of termination of their commercial business relationship. Pursuant to the express terms of the written agreement said Defendants have thereby triggered Plaintiff's right to immediate possession of the Clothing Products. Plaintiff is also entitled to the immediate possession of the Clothing Products based upon the security interest it holds in said inventory, and the breach of Security Agreement as set forth above.

76. Without limitation to other and further proof, attached hereto as Exhibit "2", and incorporated herein at this place by this reference as though set forth in full, are true and correct copies of the invoices evidencing with particularity the Clothing Products immediate possession of which Plaintiff is entitled, and the value of the Clothing Products in the sum of $2,084,452.50.

77. Without limitation to other and further proof, attached hereto as Exhibit "3", and incorporated herein at this place by this reference as though set forth in full, is a true and correct copy of Plaintiff's demand to LSH it immediately turn over possession of the Clothing Products to Plaintiff.

78. Plaintiff is informed and believes, and based thereon alleges, that each and all of the Defendants, either by actual or constructive notice, are fully aware of Plaintiff's immediate right to possession of the Clothing Products.

79. Notwithstanding demand therefor, Defendants have refused, and continue to refuse, to return the Clothing Products to Plaintiff.

80. Plaintiff is informed and believes, and based thereon alleges, that Defendants LSH, and Does 1 through 20 inclusive and each of them, as well as Defendants RABEE, MAYSSAA, REYAD, JUAN and SHARIF, who are responsible managing officers, owners, directors and/or members of LSH with high level decision making authority over LSH, have and continue to intentionally, willfully, maliciously, and/or wrongfully retained possession and control of Clothing Products contrary to Plaintiff's exclusive and immediate right of possession and control of the Clothing Products.

81. As a result of the wrongful acts of said Defendants as set forth above, Plaintiff has been deprived of possession of the Clothing Products, and without limitation to other and further proof, has been damaged in the sum of $2,084,452.50 plus interest, costs, reasonable attorney's fees and additional damages according to proof at trial.

82. Plaintiff is informed and believes, and based thereon alleges, that the conduct of Defendants has been and is willful and malicious, entitling Plaintiff to exemplary (punitive) damages against Defendants in an amount according to proof at trial.

## **TENTH CAUSE OF ACTION**

**(Enforcement of Personal Guarantees – Against Defendants RABEE and MAYSSAA)**

83. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 82 above.

84. A set forth above, in connection with, and in consideration for Plaintiff entering into the commercial business relationship with LSH, on or about July 16, 2015, Defendants RABEE and MAYSSAA executed written personal guarantees of the obligations of LSH to Plaintiff ("the Personal Guarantees").

85. Without limitation to other and further proof, attached hereto as Exhibit "4", and incorporated herein at this place by this reference as though set forth in full, are true and correct copies of the Personal Guarantees.

86. As set forth above, Defendants and each of them are presently indebted to Plaintiff in the sum of $2,084,452.50 plus interest, costs, and other damages.

87. Notwithstanding demand therefor, RABEE and MAYSSAA have refused, and continue to refuse, to pay said sums to Plaintiff in breach of the Personal Guarantees.

88. As a result of the wrongful acts of said Defendants as set forth above, Plaintiff has been damaged in the sum of $2,084,452.50 plus interest, costs, reasonable attorney's fees and additional damages according to proof at trial

**ELEVENTH CAUSE OF ACTION**

**(Federal Trademark Infringement –**

**15 U.S.C. §1114(1)-(2)) – Against Defendants LSH, RABEE, and Does 1 – 20)**

89. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 88 above.

90. On or about March 11, 2017, Defendant LSH provided to Plaintiff written notice of termination of their commercial business relationship, which was to take effect as of 15 days from the notice thereof. Despite LSH's notice of termination, Plaintiff is informed and believes that contrary to Plaintiff's rights therein, LSH, at RABEE's direction and approval, continued to utilize, and still continues to utilize, the Catimini Trademark in connection with its sale, distribution, and marketing of Defendants' goods, without being authorized by Plaintiff to do so. On April 7, 2017 Plaintiff issued a written demand to LSH that, among other things, it:

* immediately cease and desist from disposing of all LSH Catimini Inventory in its possession, custody or control,

* immediately cease and desist from offering any LSH Catimini

Inventory for sale,

* immediately return to Catimini all LSH Catimini Inventory in its possession, custody or control,

* immediately cease and desist from utilizing Catimini's name, mark and logo in connection with its sales, advertisements and all other aspects of its business, and

* immediately terminate the existence of the website "shopcatimini.com", as well as any other web-based marketing and sales. See Exhibit "3" hereto.

91. Plaintiff is informed and believes, and based thereon alleges, that notwithstanding demand to cease the aforedescribed conduct, LSH, together with and at the direction of Defendants herein, particularly those Defendants who are responsible managing officers, owners, directors and/or members of LSH with high level decision making authority over LSH, have failed to cease such activity and use. Specifically, despite Defendants having no right or authority to continue using the Catimini Trademark in connection with any retail outlets, Plaintiff is informed and believes that Defendants continue to use the Catimini Trademark in connection with its brick-and-mortar stores. Defendants also infringe upon the Catimini Trademark, because, by selling goods through retail stores bearing the Catimini Trademark on signage and retail store accessories (e.g., bags for customer purchases, clothing cards, hangers, etc.), Defendants wrongfully and falsely suggest to Defendants' customers that Defendants are authorized distributors/resellers of goods bearing the Catimini Trademark, when they are not. It is likely that Defendants continued use of the Catimini Trademark has caused, and causes, confusion among members of the public as to whether Defendants activities are authorized, sponsored, provided or endorsed by, or affiliated with Plaintiff.

92. Defendants' aforedescribed uses of the Catimini Trademark violate section 32(1) and (2) of the Lanham Act, 15 U.S.C. § 1114(1)-(2), because they

constitute unauthorized, willful and/or deliberate use in commerce of reproductions, counterfeits, copies, and/or colorable imitations of Plaintiff's federally-registered marks in connection with the sale, offering for sale, distribution, and advertising of products and services in a manner likely to cause confusion, mistake, and deception.

93. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts have been and continue to be willful and deliberate.

94. Plaintiff has been, and continues to be, irreparably harmed by Defendants' violations of this statute, and Plaintiff has no adequate remedy at law. Unless this Court enters an order requiring Defendants to immediately and permanently to cease and desist from its unlawful use of the Catimini Trademark, Defendants' unlawful conduct will continue to cause injury to Plaintiff and the public.

## TWELFTH CAUSE OF ACTION

**(Federal Trademark Infringement and Unfair Competition - 15 U.S.C. §1125(a) – Against Defendants LSH, RABEE, and Does 1 - 20)**

95. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 94 above.

96. Defendants' aforedescribed uses of the Catimini Trademark violate section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because they constitute unauthorized, willful and/or deliberate use in commerce of the Catimini Trademark, which is likely to cause confusion, mistake, and deception as to the approval, origin, or sponsorship by Plaintiff of products and services provided by Defendants, and which accordingly constitutes unfair competition and infringement of the Catimini Trademark.

97. Plaintiff is informed and believes, and based thereon alleges, that Defendants' acts have been willful and deliberate.

98. Plaintiff has been, and continues to be, irreparably harmed by Defendants' violation of this statute, and Plaintiff has no adequate remedy at law.

Unless this Court enters an order requiring Defendants to immediately and permanently to cease and desist its unlawful use of the Catimini Trademark, the violation will continue to cause injury to Plaintiff and the public.

## THIRTEENTH CAUSE OF ACTION

**(Common Law Unfair Competition – Against Defendants LSH, RABEE, and Does 1 - 20)**

99. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 98 above.

100. Defendants have violated, and continue to violate, Plaintiff's exclusive common law rights in the Catimini Trademark.

101. Plaintiff has continuously used its trademark to identify its goods in California and elsewhere, and to distinguish them from goods of a different origin. As such, Plaintiff has common law rights to its trademark.

102. Plaintiff is informed and believes, and based thereon alleges, that notwithstanding demand to cease, LSH, together with and at the direction of Defendants herein, particularly those Defendants who are responsible managing officers, owners, directors and/or members of LSH with high level decision making authority over LSH, have failed to cease such activity and use.

103. Defendants' acts described above constitute trademark infringement and trade name infringement under the common laws of the United States, including California.

104. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered irreparable harm to its valuable trademark. Unless Defendants are restrained from further infringement of the Catimini Trademark, Plaintiff will continue to be irreparably harmed.

105. Plaintiff has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if Defendants' acts are allowed to continue.

**FOURTEENTH CAUSE OF ACTION**

**(California Statutory Unfair Competition – Against Defendants LSH, RABEE, and Does 1 - 20)**

106. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 105 above.

107. The conduct complained herein constitutes unfair competition within the meaning of California Business and Professions Code, §§17200, et seq. and, as a result, Plaintiff has suffered and will continue to suffer harm to its business, reputation, and goodwill.

108. Defendants' acts, as alleged herein, have impaired Plaintiff's goodwill, have created a likelihood of confusion, and have otherwise adversely affected Plaintiff's business and reputation. By reason of the foregoing, Defendants have been, and are, engaged in "unlawful, unfair or fraudulent business act or practice" and/or "unfair, deceptive, untrue or misleading advertising" in violation of California Business and Professional Code, §§17200, et seq., and the common law.

109. Defendants should be enjoined from engaging in their acts of unfair competition.

**FIFTEENTH CAUSE OF ACTION**

**(Cyberpiracy Under 15 U.S.C. §1125(d) – Against Defendants RABEE, LSH and Does 1 - 20)**

110. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 109 above.

111. Defendant RABEE is the registered owner of the following domain names <catiminica.com>, <catiminishopdc.com>, <catiminishopusa.com>, <catiminiuniverse.com>, <shopcatimini.com>, <shopcatiminidc.com>, and <shopcatiminiusa.com> (collectively "the Unauthorized domain names"). Aside from the domain name <shopcatimini.com>, Plaintiff was unaware of and never authorized RABEE's registration of the Unauthorized domain names. With regard

to the domain name <shopcatimini.com>, being that Defendants' and Plaintiff's business relationship was terminated, together with any license to make use of the Catimini Trademark, Defendants' continued use of and registration of that domain name is unauthorized.

112. The Catimini Trademark is and was a distinctive mark at the time Defendant registered and began controlling the Unauthorized domain names.

113. The Unauthorized domain names are confusingly similar to the Catimini Trademark.

114. Plaintiff is informed and believes, and based thereon alleges, that, especially in light of the termination of the business relationship between Plaintiff and Defendants, as alleged above, Defendants' registration, trafficking in, and/or use on the Unauthorized domain names were/are done with a bad faith intent to profit from Plaintiff's reputation in its trademark. In fact, Defendants are still making use of the domain name <shopcatimini.com> in connection with a website captioned "CATIMINI Paris" (with Plaintiff's proprietary stylization) providing the public a means to enter their email addresses and "sign-up", while claiming that the site is still under construction. Such use is not only unauthorized, but also damaging to Plaintiff, as it misleads the public into believing that this website is associated with, sponsored by, or originates from Plaintiff, when it is not. In addition, Defendants are wrongfully using the Catimini Trademark in the domain name to expand Defendants' customer list by provide their email addresses, thereby diverting of users from Plaintiff's website to his website, in bad faith.

115. Defendants' use and registration of the Unauthorized domain names violate 15 U.S.C. §1125(d).

116. As a direct and proximate result of' Defendants' conduct, Plaintiff has suffered damages to the Catimini Trademark, such that the Court should award statutory damages in the amount of not less than $100,000 per domain name, as provided for under 15 U.S.C. § 1117(d).

117. Defendants' conduct is causing irreparable harm to Plaintiff for which there is no adequate remedy at law, such that the Court should order the forfeiture or cancellation of the Unauthorized domain names, or the transfer thereof to Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them as follows:

ON THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS AS STATED

1. For the principal sum of $2,084,452.50, plus interest;
2. For additional general damages according to proof;
3. For consequential damages according to proof;
4. For special damages according to proof;
5. For the costs of suit herein; and
6. For reasonable attorney's fees according to proof.

ON THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS AS STATED

1. For the principal sum of $2,084,452.50, plus interest;
2. For additional general damages according to proof;
3. For consequential damages according to proof;
4. For special damages according to proof; and
5. For the costs of suit herein.
6. For reasonable attorney's fees according to proof.

ON THE THIRD CAUSE OF ACTION AGAINST DEFENDANTS AS STATED

1. For the principal sum of $2,084,452.50, plus interest;
2. For additional general damages according to proof;
3. For consequential damages according to proof;
4. For special damages according to proof;
5. For the costs of suit herein; and

6. For reasonable attorney's fees according to proof.

ON THE FOURTH CAUSE OF ACTION AGAINST DEFENDANTS AS STATED

1. For the principal sum of $2,084,452.50, plus interest;
2. For additional general damages according to proof;
3. For consequential damages according to proof;
4. For special damages according to proof;
5. For the costs of suit herein; and
6. For reasonable attorney's fees according to proof.

ON THE FIFTH CAUSE OF ACTION AGAINST DEFENDANTS AS STATED

1. For the principal sum of $2,084,452.50, plus interest;
2. For additional general damages according to proof;
3. For consequential damages according to proof;
4. For special damages according to proof;
5. For the costs of suit herein; and
6. For reasonable attorneys fees according to proof.

ON THE SIXTH CAUSE OF ACTION AGAINST DEFENDANTS AS STATED

1. For the principal sum which represents the reasonable value of the goods and material delivered to said Defendants for which they have benefited, but for which Plaintiff has not been paid, in the amount of $2,084,452.50, or such amount according to proof, plus interest;
2. For additional general damages according to proof;
3. For consequential damages according to proof;
4. For special damages according to proof;
5. For the costs of suit herein; and
6. For reasonable attorney's fees according to proof.

<u>ON THE SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS AS STATED</u>

1. For an Order compelling immediate return of the Clothing Products;
2. For the principal sum of $2,084,452.50, plus interest;
3. For additional general damages according to proof;
4. For consequential damages according to proof;
5. For special damages according to proof;
6. For the costs of suit herein; and
7. For reasonable attorney's fees according to proof.

<u>ON THE EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS AS STATED</u>

1. For an Order compelling immediate return of the Inventory, including without limitation the Clothing Products;
2. For the principal sum of $2,084,452.50, plus interest;
3. For additional general damages according to proof;
4. For consequential damages according to proof;
5. For special damages according to proof;
6. For the costs of suit herein; and
7. For reasonable attorney's fees according to proof.

<u>ON THE NINTH CAUSE OF ACTION AGAINST DEFENDANTS AS STATED</u>

1. For the principal sum of $2,084,452.50, plus interest;
2. For additional general damages according to proof;
3. For consequential damages according to proof;
4. For special damages according to proof;
5. For the costs of suit herein;
6. For reasonable attorney's fees according to proof; and
7. For exemplary (punitive) damages according to proof.

ON THE TENTH CAUSE OF ACTION AGAINST DEFENDANTS AS STATED

1. For the principal sum of $2,084,452.50, plus interest;

2. For additional general damages according to proof;

3. For consequential damages according to proof;

4. For special damages according to proof;

5. For the costs of suit herein; and

6. For reasonable attorney's fees according to proof.

ON THE ELEVENTH THROUGH FIFTEENTH CAUSES OF ACTION AGAINST THE DEFENDANTS AS STATED

1. For preliminary and permanent injunctions, whereby Defendants, including their respective officers, directors, and members, principals, agents, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, as applicable, and all persons acting by, through, under, or in active concert or in participation with or controlled, either directly or indirectly, by any of them, be:

(a) prohibited from using the Catimini Trademark, or any confusingly similar variation thereof, as, or as a component of, a trademark, trade name, domain name, social media handle/name/account, or otherwise, in connection with the advertising, promoting, marketing, offering, selling or provision of any products or services in the United States, and from otherwise infringing on the Catimini Trademark or otherwise competing unfairly with Plaintiff;

(b) required to immediately remove all appearances of the Catimini Trademark and any confusingly similar variations thereof from its web pages, goods, business forms, mailing labels, invoices, sales aids, advertisements, and all other advertising, sales and promotional materials;

(c) required to immediately cease operating the Unauthorized domain names, and to permanently transfer ownership and registration of the Unauthorized

domain names to Plaintiff;

(d) required to immediately remove any signage on its retail store which includes the term “Catimini”, or any confusingly similar variations thereof, or otherwise infringes on the Catimini Trademark;

(e) required to surrender to Plaintiff all goods and other materials in its/their possession, custody or control and bearing the Catimini Trademark, or any other designation which incorporates the Catimini Trademark, and requiring further the filing and service of a certified report by Defendants identifying and attesting to the surrender of those goods and other materials, in such particular details as the Court shall deem appropriate;

(f) required to immediately cease posting to or using any social media pages or accounts under its control that bear the Catimini Trademark and to immediately transfer to Plaintiff all social media account(s) (including, without limitation, Facebook, YouTube, Pinterest, Twitter, and Instagram accounts) bearing the Catimini Trademark.

(g) required to have deleted or removed from publication any advertisements paid for, placed, or used by any one of them (whether displayed through the use of social media or otherwise) containing any of Plaintiff’s trademarks, including, without limitation the Catimini Trademark, and any other names, marks, or logos confusingly similar thereto;

(h) required to immediately destroy and cease using any business cards, letterhead, stationary, signage, store accessories, and invoices which include the term “Catimini”, or any confusingly similar variations thereof, or otherwise infringes on the Catimini Trademark;

(i) restrained and enjoined from making, contributing to the making, or inducing others to make any use of a name, mark, social media name/handle/account, URL, domain name, or computer code which comprises or includes the simultaneous use of the word “Catimini” or any reproduction, copy,

counterfeit or colorable imitation thereof or any term confusingly similar thereto, especially any such use on or in connection with children's clothing goods or services, sold, offered for sale, distributed, or imported into the United States or otherwise advertised, marketed or promoted;

(j) restrained and enjoined from using a logo design similar to that used by Plaintiff, in connection with luxury children's clothing goods or services, sold, offered for sale, distributed, or imported into the United States or otherwise advertised, marketed or promoted;

(k) restrained and enjoined from maintaining, operating, or using (whether directly or indirectly) or inducing others (including, without limitation Affiliates) to maintain, operate, or use any web-page, home page, web site, website content (including, without limitation, that which appears on "hidden pages"), any code whatsoever (including but not limited to metatags, HTML, XTML, any computer code, domain names, URLs, sub pages, extensions, links, or any division or portion thereof, signs, banner ads, or any other visual media used in connection with any of the Defendants' businesses) that the Catimini Trademark, or any reproduction, copy, counterfeit or colorable imitation thereof or any terms confusingly similar thereto (as used herein, the terms "Affiliates" means third-party owned websites/domain names that link to one or more websites owned, hosted, and/or operated by one or more of the Defendants);

(l) restrained and enjoined from including or maintaining any content, including links, on any and all websites which they own, control, operate, have an association or affiliation with or on which it/they otherwise advertise that causes or tends to cause an Internet search engine to list or report a website – not selling goods that originate from or are otherwise authorized by Plaintiff – based on a search query that includes one of the Catimini Trademark, or any reproduction, copy, counterfeit or colorable imitation thereof or any terms confusingly similar thereto; and

(m) restrained and enjoined from ever in the future filing or maintaining an application for registration or registration of any mark that includes the word "Catimini" (or any other mark used or registered by Plaintiff) or any mark(s) confusingly similar thereto with the United States Patent and Trademark Office or any other governmental or state authority;

2. For an order requiring Defendants, including Defendant LSH, to file with the Court and serve on Plaintiff, within thirty (30) days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which Defendants have complied with the Court's injunction and orders;

3. For an award of statutory damages in the amount of not less than $100,000 per domain name, as provided for under 15 U.S.C. § 1117(d);

4. For the costs of suit herein;

5. For reasonable attorney's fees according to proof; and

6. For any other damages and remedies available at common law or statute violated.

<u>ON ALL CAUSES OF ACTION</u>

1. For such other and further legal, equitable, statutory and/or other relief as the Court deems just and proper .

Dated: April 18, 2017

WOLF, RIFKIN, SHAPIRO,
SCHULMAN & RABKIN, LLP

By: /s/ John M. Samberg
JOHN M. SAMBERG
MARK B. MIZRAHI
ELSA M. HOROWITZ
Attorneys for Plaintiff CATIMINI USA, LTD.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands and request a trial by jury of all issues raised that are triable by jury.

Respectfully submitted,

Dated: April 18, 2017

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

By: /s/ John M. Samberg
JOHN M. SAMBERG
MARK B. MIZRAHI
ELSA M. HOROWITZ
Attorneys for Plaintiff CATIMINI USA, LTD.